UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:11CV-00103-JHM**

**COMMONWEALTH OF KENTUCKY**
**EX REL. JACK CONWAY, ATTORNEY**
**GENERAL**                                                                    **PLAINTIFF**

**VS.**

**DAYMAR LEARNING, INC., et al.**                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion to remand this case to the Daviess Circuit Court by Plaintiff, Commonwealth of Kentucky, ex rel. Jack Conway, Attorney General, [DN 9] and on a motion to dismiss by Defendants, Daymar Learning, Inc., Daymar Learning of Paducah, Inc., Daymar Holdings, Inc., Draughons Junior College, Inc., Daymar Colleges Group, LLC, and Mark A. Gabis, [DN 7]. The Court granted Plaintiff's motion to stay adjudication of the motion to dismiss pending ruling on the motion to remand. Fully briefed, these matters are ripe for decision.

## I.  BACKGROUND

On July 27, 2011, Plaintiff, Commonwealth of Kentucky, ex rel Jack Conway, Attorney General, filed this action against Daymar Learning, Inc., Daymar Learning of Paducah, Inc., Daymar Holdings, Inc., Draughons Junior College, Inc., Daymar Colleges Group, LLC, (collectively "Daymar College") and Mark A. Gabis, for violations of the Kentucky Consumer Protection Act ("KCPA"), KRS § 367.170, and KRS § 367.175. Defendants operate a private, for-profit, post-secondary educational business on multiple campuses in multiple states, including the state of Kentucky. The Complaint alleges that the Defendants engaged in unfair, false, misleading, and deceptive conduct in the operation of post-secondary schools in the Commonwealth of Kentucky

in violation of the Kentucky Consumer Protection Act,  KRS § 367.170 and KRS § 367.175.  The Complaint alleges that the Defendants made false and misleading statements to students that credits earned at Daymar College will transfer to other institutions in Kentucky and offered programs that do not meet the standards of institutional accreditation. (Complaint at ¶¶ 23-24.)   The Complaint also alleges that Defendants engaged in unfair and deceptive conduct by recruiting and enrolling students who do not meet Daymar College's own admission standards. (Id. at ¶¶ 27-28.)   The Complaint further alleges that Defendants made false statements to students and engaged in deceptive conduct to prevent students from purchasing their textbooks and supplies from other vendors.  (Id. at ¶¶ 31-32.)  Plaintiff claims that Defendants falsely informed students that they can only use their financial aid monies to purchase textbooks and supplies from Daymar College and withheld from students the textbook identifying information and their financial aid.  (Id. at ¶¶ 35-37.)  Plaintiff asserts that these violations of the KCPA continue to occur.  The Complaint further alleges that Defendants' requirement that students purchase their textbooks and other supplies from Daymar College, as opposed to other vendors, is an unlawful restraint of trade or commerce in violation of KRS § 367.175. (Id. at ¶ 41 (Count V).)

Defendants removed the case to this Court.  Upon removal of the case, Defendants immediately filed a motion to dismiss the complaint for failure to state a claim arguing that Plaintiff's claims are subject to express preemption under the Higher Education Act and are barred by conflict preemption; that Defendants' actions are lawful under the Higher Education Act; and that Plaintiff's complaint fails to satisfy the federal pleading requirements of Fed. R. Civ. P. 8(a)(2). Plaintiff timely filed a motion to remand pursuant to 28 U.S.C. § 1447(c) arguing that neither federal question jurisdiction nor diversity jurisdiction exists.  The Court shall address the motion to remand

first.

## II.  MOTION TO REMAND

Defendants initially removed this action from state court on grounds of federal question jurisdiction arguing that the Higher Education Act of 1965, 20 U.S.C. § 1001, *et seq.* ("HEA") preempts the claims asserted under the Kentucky Consumer Protection Act and also raises a substantial federal question.  Defendants amended their Notice of Removal to add as grounds for removal the Class Action Fairness Act, 28 U.S.C. § 1332(d) and § 1453.  Plaintiff moves to remand the case to state court arguing that this Court lacks either federal question jurisdiction or class action diversity jurisdiction.

### A.  Federal Question Jurisdiction

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable" to federal court. 28 U.S.C. § 1441(b). "A claim falls within this court's original jurisdiction under 28 U.S.C. § 1331 'only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.'" Eastman v. Marine Mechanical Corp., 438 F.3d 544, 550 (6th Cir. 2006) (citation omitted).  However, "the plaintiff is the master of the claim," Gafford v. General Elec. Co., 997 F.2d 150, 157 (6th Cir. 1993), and "the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 943 (6th Cir. 1994).  The defendant bears the burden of establishing the existence of federal subject matter jurisdiction and the propriety of the removal.  Eastman, 438 F.3d at 549. "If

at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The Supreme Court has developed two limited exceptions to the well-pleaded complaint rule: the complete preemption doctrine and the substantial federal question doctrine." Taylor Chevrolet Inc. v. Medical Mut. Services LLC, 306 Fed Appx. 207, 210 (6th Cir. Dec. 22, 2008).

### 1. Complete Preemption

Defendants claim that the Plaintiff's state-law claims are preempted by the Higher Education Act of 1965, 20 U.S.C. § 1001, *et seq.* ("HEA"). Specifically, Defendants argue that although pleaded as a state law action under KRS § 367.170 and KRS § 367.175, Plaintiff's complaint challenges the adequacy of multiple disclosures to students eligible for federal Title IV student funding. Defendants contend that 20 U.S.C. § 1098g[1] expressly preempts any state law disclosure requirements to which loans under Title IV are subjected; and therefore, the complete preemption doctrine applies to Plaintiff's claims. The Court disagrees.

Complete preemption arises where Congress has so completely preempted a particular area "that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co., 481 U.S. 58, 63-64 (1987). In such cases, the plaintiff has essentially "'brought a mislabeled federal claim.'" Taylor Chevrolet Inc. v. Medical Mut. Services, 306 Fed. Appx. 207, 210 (6th Cir. 2008)(quoting King v. Marriott Int'l, Inc., 337 F.3d 421, 425 (4th Cir. 2003)). "Unlike ordinary preemption, which is a federal defense to a state-law claim under the

---

[1] Title 20 U.S.C. § 1098g, entitled "Exemption from State disclosure requirements," provides that "[l]oans made, insured, or guaranteed pursuant to a program authorized by Title IV of the Higher Education Act of 1965 (20 U.S.C. 1070 et seq.) [and 42 U.S.C.A. § 2751 et seq.] shall not be subject to any disclosure requirements of any State law."

Supremacy Clause of the Constitution that does not render a state-law claim removable to federal court, complete preemption makes a state-law claim 'purely a creature of federal law,' and thus removable from state to federal court from the outset." Hansen v. Harper Excavating,Inc., 641 F.3d 1216, 1220-1221 (10th Cir. 2011)(quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 23–24 (1983)). See also Harvey v. Life Ins. Co. of North America, 404 F. Supp. 2d 969, 973 (E.D. Ky. 2005)(citing Caterpillar, Inc. . Williams, 482 U.S. 386, 393 (1987); Roddy v. Grand Trunk Western Railroad, Inc., 395 F.3d 318, 323 (6th Cir. 2005).

Complete preemption is a very narrow exception to the well-pleaded complaint rule. AmSouth Bank v. Dale, 386 F.3d 763, 776 (6th Cir. 2004). See also Roddy, 395 F3d at 323. In fact, the Sixth Circuit in AmSouth Bank summarized the law in this area and noted the Supreme Court has only found three statutes that evince Congressional intent to completely preempt a field: § 301 of the LMRA, see Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968), § 502(a)(1)(B) of ERISA, see Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-66 (1987), and §§ 85 and 86 of the National Bank Act, see Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 10-11 (2003). AmSouth Bank, 386 F.3d at 776; see also Mikulski v. Centerior Energy Corp., 501 F.3d 555, 563 (6th Cir. 2007). "In those cases where the Supreme Court has found complete preemption, 'the federal statutes at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action.'" Roddy, 395 F.3d at 323 (quoting Beneficial Nat'l Bank, 539 U.S. at 8.).

The doctrine of complete preemption does not apply under the HEA because complete preemption is only available where there is a private right of action under federal law. The HEA does not create a private right of action. As noted by the Sixth Circuit, "'nearly every court to

consider the issue in the last twenty-five years has determined that there is no express or implied private right of action to enforce any of the HEA's provisions.'" Thomas M. Cooley Law School v. American Bar Ass'n, 459 F.3d 705, 710 (6th Cir. 2006)(quoting McCulloch v. PNC Bank Inc., 298 F.3d 1217, 1221 (11th Cir. 2002)).  Because there is no federal private right of action, there can be no complete preemption in this matter based on the HEA.

Furthermore, courts that have addressed this issue have consistently held that the HEA does not completely preempt state law claims.  See Adkins v. Excel College of Corbin, Inc., 21 F.3d 427, 1994 WL 124268, *2 (6th Cir. April 11, 1994)(finding no passage in the HEA that suggests the statute has the "extraordinary preemptive power" necessary to confer federal jurisdiction); Bland v. Educational Credit Management Corp., 2012 WL 603194, *4 (D. Md. Feb, 22, 2012)(citing College Loan Corp. v. SLM Corp., 396 F.3d 588 (4th Cir. 2005)(no complete preemption under the HEA)); Walker v. American Educ. Services, 2010 WL 1687613, *6 (M.D. Pa. April 26, 2010)(the HEA does not afford complete preemption supporting removal from state court).

In as much as Defendants raise provisions of the HEA as a defense to certain aspects of Plaintiff's state law claims, a defense of preemption does not itself provide a basis for federal question jurisdiction.  "'[A] case may *not* be removed to federal court on the basis of a federal defense, including a defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.'" In re Air Crash at Lexington, Kentucky, 486 F. Supp. 2d 640, 645 (E.D. Ky. 2007)(quoting Roddy, 395 F.3d at 322).  In fact, a defense that an action is preempted is properly heard and decided by the state court in which the action was initiated.  Mikulski, 501 F.3d at 560-61; Adkins, 21 F.3d at *3 ("Kentucky's state courts are equally capable of determining [defendant's] preemption

defense.").

Thus, the Court finds that Plaintiff's claims are not completely preempted by the HEA, and removal was not proper on this basis.

### 2. Substantial Federal Question

Even when no federal claim is present in a complaint, the Supreme Court has found that "a case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 808 (1986) (quoting Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 9 (1983)). See also Mikulski, 501 F.3d at 568. However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow, 478 U.S. at 813. Federal question jurisdiction premised on the adjudication of a federal issue within a state law claim "demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005). The United States Supreme Court had identified three parts to the substantial-federal-question doctrine: "(1) the state-law claim must necessarily raise a disputed federal issue; (2) the federal interest in the issue must be substantial; and (3) the exercise of jurisdiction must not disturb any congressionally approved balance of federal and state judicial responsibilities." Mikulski, 501 F.3d at 568 (citing Grable & Sons, 545 U.S. at 314).

In the present case, Defendants argue that the Court has jurisdiction because the merits of the case turn on a substantial federal issue that is an essential element of Plaintiff's cause of action. Specifically, Defendants contend that adjudication of Plaintiff's Kentucky Consumer Protection Act

claims will require the Court to interpret federal statutes and regulations related to disclosures to students under the HEA, including 20 U.S.C. § 1098g.

After a review of the parties' arguments and the relevant case law, the Court finds that the federal interest in this case is not so substantial that it compels a finding that the KCPA claims "arise under" federal law.  First, although the Court may need to refer to the HEA and its regulations in examining the KCPA claims, this does not mean the HEA or its regulations are an essential element of Plaintiff's claims.  Walker v. American Education Services, 2010 WL 1687613, *5 (M.D. Pa. 2010).  As recognized in Walker, "although a court would likely need to refer to the HEA to determine the scope of the duties owed by Defendants to Plaintiff, the court believes that the causes of actions asserted by Plaintiff are sufficiently separate from the HEA that it cannot be said that the HEA provides elements essential to Plaintiff's state causes of action."  Walker, 2010 WL 1687613, *5;  Pruitt v. Honda of America Mfg. Inc., 2006 WL 889498, *5 (M.D. Tenn. March 28, 2006)(reference to federal law requiring trucks operated in interstate commerce to be insured for various limits does not create a substantial federal question).  See also Commonwealth of Kentucky ex rel. Gorman v. Comcast Cable of Paducah, Inc., 881 F. Supp. 285 (W.D. Ky. 1995)("the reference to a 'violation' of the federal statute in the state law claim can only be considered to be an assertion that the failure to conform with the federal rule is evidence that the state consumer protection law has been violated. The use of the federal regulation as a standard in a state law claim is not unusual.").   As discussed above, state courts are fully competent to construe any HEA statute or regulation related to the scope of any disclosures governed by federal law or implicated by the Defendants' preemption defense.

Second, the Court rejects Defendants' attempt to manufacture a substantial federal question

by offering an interpretation of 20 U.S.C. §1098g that is not supported by statute or case law.  In an effort to support their argument, Defendants assert that § 1098g "applies broadly to all disclosures to loan recipients set out in the Complaint" and, therefore, bars state law requirements governing all student disclosures, including those related to ISBNs disclosures (Defendants' Response at 8-9.)  Title 20 U.S.C. § 1098g provides that "[l]oans made, insured, or guaranteed pursuant to a program authorized by Title IV of the Higher Education Act of 1965 . . .  shall not be subject to any disclosure requirements of any State law."  20 U.S.C. § 1098g.  Contrary to Defendants' argument, the language of the statute specifically reflects that the statute is limited to loan disclosures.

Additionally, in as much as Defendants' characterize some or all of Plaintiff's claims as related to loan disclosures, the reading of the Complaint refutes such assertion.  The Plaintiff alleges that the Defendants engaged in unfair, false, misleading, and deceptive conduct in the operation of post-secondary schools in the Commonwealth of Kentucky in violation of the KCPA, KRS § 367.170 and KRS § 367.175.  The conduct complained of by Plaintiff involves misrepresentations made regarding the transferability of credits, accreditation, students' ability to use financial aid to purchase books from other vendors, and disclosure of ISBNs for textbooks.  The Complaint does not contain any claim that the Defendant made inadequate loan disclosures.  Additionally, the Court agrees with the Plaintiff that Defendants' argument in support of substantial federal question appears to be a disguised preemption defense argument which cannot be grounds for removal to federal court.  See Roddy, 395 F.3d at 322.

Third, while the absence of a private federal right of action is not dispositive, the Sixth Circuit has held that "Congress' withholding a private right of action from [a] statute[] is an important signal to its view of the substantiality of the federal question involved."  Eastman v.

Marine Mechanical Corp., 438 F.3d 544, 552 (6th Cir. 2006). As the Supreme Court observed with

respect to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq.:

> We simply conclude that the congressional determination that there should be no
> federal remedy for the violation of this federal statute is tantamount to a
> congressional conclusion that the presence of a claimed violation of the statute as an
> element of a state cause of action is insufficiently "substantial" to confer
> federal-question jurisdiction.

Eastman, 438 F.3d at 552 (quoting Merrell Dow, 478 U.S. at 814). As emphasized in Merrell Dow,

it "would . . . flout, or at least undermine, congressional intent to" find jurisdiction where there is

no private federal right of action. 478 U.S. at 812. The Court views the HEA and regulations cited

by the Defendants in the same light. The HEA, like the Food, Drug, and Cosmetic Act, provides no

private right of action. See Walker, 2010 WL 1687613, at *5. Thus, given that no private right of

action exists and in light of Merrell Dow and Eastman, the Court "concludes that this case does not

'aris[e] under the Constitution, laws, or treaties of the United States,' 28 U.S.C. § 1331, despite the

fact that the HEA may be implicated by Plaintiff's claims." Walker, 2010 WL 1687613, at * 5.

 Finally, even if the Court were to conclude that a substantial federal question existed, the

Court finds that accepting jurisdiction of this KCPA claim would be disruptive of the sound division

of labor between state and federal courts envisioned by Congress. Eastman, 438 F.3d at 553; Grable

& Sons, 125 S.Ct. at 2368. Recognizing a substantial federal question in the present action would

extend federal jurisdiction "not only to the question raised in this case, but to any dispute over the

meaning or effect of virtually any provision" in the HEA. Mikulski, 501 F.3d at 573. See also

Kentucky ex rel. Gorman v. Comcast Cable of Paducah, Inc., 881 F. Supp. 285, 287-289 (W.D.

Ky.1995) (granting remand to state court for lack of a substantial federal question where suit under

state consumer protection law referred to federal cable statute for prohibition standard); Ballesteros

v. Charter College, LLC, 2010 WL 3929432, *3 (C.D. Cal. October 4, 2010)("[T]he Court finds that jurisdiction in this case would undermine 'Congress's intended division of labor between state and federal courts.'"); Pruitt v. Honda of America Mfg. Inc., 2006 WL 889498, *5 (M.D. Tenn. March 28, 2006)(reference to federal law requiring trucks operated in interstate commerce to be insured for various limits does not create a substantial federal question).[2]

For these reasons, the Court concludes that the substantial federal question doctrine does not support removal in this case.

## B.  Diversity Jurisdiction:  Class Action Fairness Act

Defendants also maintain that the Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)("CAFA").  Defendants contend that this action constitutes a "class action" within the meaning of the CAFA.  Pursuant to 28 U.S.C. § 1332(d)(2), a district court has original jurisdiction over any civil action in which the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs, and the action is a class action in which any member of the class is a citizen of State different from any defendant.  28 U.S.C. § 1332(d)(2)(A).  The CAFA defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  Therefore, in order for this action to qualify as a "class action" within the meaning of the CAFA, the state action must be filed under a statute that is both similar to Rule 23 and authorizes an action "as a class action." 28 U.S.C.

---

[2]In fact, in addressing proposed amendments to HEA regulations, the Department of Education emphasized that "the States should retain the primary role and responsibility for student consumer protection against fraudulent or abusive practices by some postsecondary institutions."  75 FR 668332-01, *66865.

§ 1332(d)(2)(A).

The majority of the courts that have examined this issue have agreed that actions brought by state Attorney Generals under state consumer protection laws are not class actions under the CAFA and are consequently not removable under § 1332.  See, e.g., West Virginia ex rel. McGraw  v. CVS Pharmacy, Inc., 646 F.3d 169 (4th Cir. 2011); Washington v. Chimei Innolux Corp., 659 F.3d 842 (9th Cir. 2011); LG Display Co., Ltd. v. Madigan, 665 F.3d 768, 772 (7th Cir. 2011); Missouri ex rel. Koster v. Portfolio Recovery Associates, Inc., 686 F. Supp. 2d 942 (E.D. Mo. 2010); Illinois v. AU Optronics Corp., 794 F. Supp. 2d. 845 (N.D. Ill. 2011).   But see Louisiana ex rel. Caldwell v. Allstate Ins. Co, 536 F.3d 418 (5th Cir. 2008).  The Court agrees with the majority and finds that the present action is not removable under CAFA.  This action was not brought pursuant to the Federal Rule of Civil Procedure 23 or the state's equivalent.  Rather, it was brought pursuant to the KCPA which does not impose any of the familiar Rule 23 constraints such as "provisions addressing the adequacy of representation, numerosity, commonality, and typicality requirements."  West Virginia ex rel. McGraw, 646 F.3d at 172.  Furthermore, the KCPA does not authorize the action to be brought as a class action.  Finally, contrary to Defendants' argument, the fact that the Attorney General specifically seeks restitution to consumers, in addition, to the other remedies set forth in the Complaint, does not convert this action into a class action under Rule 23.  See LG Display Co., Ltd. v. Madigan, 665 F.3d 768, 773-74 (7th Cir. 2011).  Commonwealth ex rel. Stumbo v. Marathon Petroleum Co., LLC, 2007 WL 2900461, *4 (E.D. Ky. October 3, 2007)(examining complaint as whole to determine whether the state is real party in interest).

Therefore, the Court finds that the CAFA does not support jurisdiction in this action.

### III.  CONCLUSION

In the absence of subject matter jurisdiction, the Court cannot reach the merits of the motion to dismiss.   For these reasons, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss [DN 7] is **DENIED as moot** and Plaintiff's motion for remand [DN 9] is **GRANTED**. The case is **REMANDED** to the Daviess Circuit Court.

cc: counsel of record
    Daviess Circuit Court